UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 22-48028 |
| | Chapter 7 |
| Johanna L. MacMaster, | Hon. Lisa S. Gretchko |
|     Debtor. | |
| _____/ | |
| | |
| Sean MacMaster, | |
| | |
|     Plaintiff, | |
| | |
| v. | Adv. Pro. No. 22-4324-LSG |
| | |
| Johanna MacMaster, | |
| | |
|     Defendant. | |
| _____/ | |

**OPINION GRANTING IN PART, AND DENYING IN PART, PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO COUNT I (NONDISCHARGEABILITY UNDER 11 U.S.C. §§ 523(a)(5), (15)) AND FOR ENTRY OF FINAL JUDGMENT AS TO COUNT I**

## Introduction

Johanna MacMaster ("Johanna") is the Debtor in this Chapter 7 bankruptcy case and the former spouse of Sean MacMaster ("Sean"). On November 22, 2022, Sean filed this two-count adversary proceeding ("Adversary Proceeding") against Johanna. Count I seeks a determination of nondischargeability, under sections 523(a)(5) and (a)(15), of the $237,687.21 judgment that the Alachua County, Florida

1

court ("Florida State Court") entered in the divorce case between Johanna and Sean (collectively, the "Parties"). Count II seeks a determination of nondischargeability, under § 523(a)(6), for Johanna's actions that are detailed in a 54-page complaint that is currently pending before Judge Stephen J. Murphy, III in the U.S. District Court for the Eastern District of Michigan, Case No. 21-cv-11052 ("US District Court Action"). Per the Parties' Rule 26(f) report (ECF No. 9) and the adversary proceeding scheduling order in this case (ECF No. 15), Count II of this Adversary Proceeding is currently being held in abeyance pending the outcome in the US District Court Action.

On February 22, 2023, Sean filed a motion for summary judgment on Count I of the Adversary Proceeding ("SJ Motion"). After oral argument on the SJ Motion, Sean and Johanna each filed a post-hearing brief. The Court has reviewed the pleadings in this Adversary Proceeding, the SJ Motion and all briefs and exhibits submitted in connection therewith. The Court has also considered all statements made during oral argument on the SJ Motion.

After carefully considering the record, the Court grants Sean's SJ Motion in part and denies it in part. Pursuant to Fed. R. Civ. P. 56, made applicable in adversary proceedings by Fed. R. Bankr. P. 7056, this opinion explains the Court's reasons for doing so.

## Jurisdiction

This Court has subject matter jurisdiction over this Adversary Proceeding under 28 U.S.C. §§ 1334(b), 157(a), 157(b), and E.D. Mich. LR 83.50(a). Sean's claims under 11 U.S.C. §§ 523(a)(5) and (15) are core proceedings under 28 U.S.C. § 157(b)(2)(I).

## Background Facts

The relevant facts for purposes of the SJ Motion are undisputed.

Sean and Johanna were married to one another and are the parents to a minor child, a daughter. In 2012, the Florida State Court entered a divorce decree in Case No. 01-2012-DR-4780 ("Florida Divorce Case").

In 2016, the Florida Divorce Case was reopened. Sean and Johanna then spent several years litigating a "time-sharing controversy" regarding their minor child. On December 31, 2020, in the Florida Divorce Case, the Florida State Court entered a 19-page "Order Regarding Former Husband's Motion for Contempt" ("Florida Contempt Order") containing 81 findings of fact and conclusions of law, and several rulings based thereon, including the following:

> iv. The Former Husband's requests for an award of attorney's fees and costs is hereby GRANTED. The Former Wife shall be responsible for reimbursing the Former Husband for the reasonable attorneys' fees and costs he has incurred in this proceeding between January 9, 2019, and

3

22-04324-lsg    Doc 33    Filed 07/25/23    Entered 07/25/23 16:45:16    Page 3 of 17

the date of this Order, and excluding any attorneys' fees or costs he has incurred on appeal during that time. This Court reserves jurisdiction to determine the reasonable amount of the attorneys' fees and costs to be paid by the Former Wife to the Former Husband in the event the parties are unable to reach an agreement on this issue.

On June 23, 2022, the Florida State Court entered a money judgment in the Florida Divorce Case in favor of Sean and against Johanna in the amount of $237,687.21 ("Florida Money Judgment"). The Parties had stipulated to the amount of the Florida Money Judgment prior to its entry. The Florida Money Judgment contains the following finding:

> G. The Former Wife testified that she cannot afford to pay this amount to the Former Husband. However, the Court's Contempt Order was clear that these fees were awarded pursuant to Florida Statutes §61.13(4)(c)(2), which provides that when a parent refuses to honor the timesharing schedule in the parenting plan without proper cause, the Court shall order makeup timesharing and may also order the non-cooperating parent to pay the reasonable court costs and attorney fees incurred by the other to enforce his timesharing schedule. These fees are not awarded pursuant to Florida Statutes §61.14 (the need and ability to pay standard) and thus the Former Wife's ability or inability to pay the amount of fees is not to be considered by the Court as a factor in making the award.

On October 14, 2022, Johanna filed Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Michigan.

On November 22, 2022, Sean commenced this two-count Adversary Proceeding.¹ On February 23, 2022, Sean filed the SJ Motion seeking summary judgment on Count I of the complaint, which seeks a determination of nondischargeability of the Florida Money Judgment under 11 U.S.C. §§ 523(a)(5) and (15).

## Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The relevant facts for purposes of the SJ Motion are undisputed.² Consequently, the issue for this Court to determine on the

---

¹ On January 10, 2023, this Court entered an order granting Johanna a discharge in her Chapter 7 bankruptcy case. That discharge order exempts from discharge "debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case." *See* Case No. 22-48028, ECF No. 37, pg. 2.

² According to Sean, this Court is bound by principles of collateral estoppel to accept the findings of fact contained in the Florida Contempt Order and the Florida Money Judgment, which (according to Sean) establish that there is no genuine issue of material fact as to Count I of the Adversary Proceeding, and that Sean is entitled to summary judgment on Count I as a matter of law. However, because the Parties do not appear to dispute any of the facts that are relevant for the SJ Motion, there is no genuine issue of material fact as to Count I of the Adversary Proceeding. Consequently, this Court declines to address collateral estoppel principles because there is no need to do so in deciding the SJ Motion.

SJ Motion is a legal one—namely whether the Florida Money Judgment constitutes nondischargeable debt under 11 U.S.C. § 523(a)(5) and/or (15).

**Nondischargeability Under § 523(a)(5)**

Bankruptcy Code § 523(a)(5) states:

> **(a)** A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> **(5)** for a domestic support obligation;

Bankruptcy Code § 101(14)(A) defines a "domestic support obligation" as follows:

> **(14A)** The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is—
> **(A)** owed to or recoverable by—
> **(i)** a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> **(ii)** a governmental unit;
> **(B)** in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
> **(C)** established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
> **(i)** a separation agreement, divorce decree, or property settlement agreement;
> **(ii)** an order of a court of record; or
> **(iii)** a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

**(D)** not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Sean argues that the Florida Money Judgment constitutes a domestic support obligation for purposes of § 523(a)(5) because: (1) it was awarded for Johanna's repeated failure to abide by the Parties' agreement and the Florida State Court orders regarding child custody and time-sharing, (2) the Florida Money Judgment was entered pursuant to Florida Statutes § 61.13 which contains the word "support" in its title, and (3) the Florida Money Judgment is "in the nature of support" because parenting time is closely related to the concepts of support involved in a divorce judgment.

Johanna argues that: (1) time-sharing (and fees awarded for violations of a time-sharing agreement) are not support, (2) the title of the statute under which the Florida Money Judgment was entered is irrelevant and does not elevate the obligation into a child support obligation, and (3) the Florida Money Judgment does not bear any of the indicia of a support award under the standards set forth by the Sixth Circuit and does not have the effect of providing necessary support.

A movant seeking a determination of nondischargeability under § 523(a)(5) must establish by a preponderance of evidence that the debt is a domestic support obligation. *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

7

The Court finds that Sean has not met this burden and that the Florida Money Judgment does not constitute a domestic support obligation.

Under Sixth Circuit precedent, "[a] debt is 'in the nature of support' if two conditions are met: first, 'the state court or parties intended to create a support obligation'; and second, the debt has 'the actual effect of providing necessary support.'" *In re Thomas,* 591 Fed. Appx. 443, 445 (6th Cir. 2015) (citing *In re Fitzgerald,* 9 F.3d 517, 520 (6th Cir. 1993)).

There is nothing in the record that shows that the Parties explicitly intended to create a support obligation. The only evidence in the record as to the obligation is the Florida Contempt Order and the Florida Money Judgment, neither of which directly address the intent of the Parties as to the nature of the payment obligation therein.

However, the language in paragraph G of the Florida Money Judgment indicates that the Florida State Court did not intend for it to provide support to Sean MacMaster. The Florida Money Judgment does not say that the amount awarded to Sean is related to support. Instead, it explains that the amount of the Florida Money Judgment is based on Florida Statutes § 61.13(4)(c)(2). Under this statute, if a parent refuses to honor the time-sharing schedule in the parenting plan without proper cause, a Florida court can order that parent to pay reasonable court

costs and attorney's fees incurred by the nonoffending parent to enforce the time-sharing schedule.

Indeed, paragraph G of the Florida Money Judgment refutes the idea that the award is in the nature of support because it recites that the fees described in the Florida Money Judgment "are not awarded pursuant to Florida Statutes § 61.14 (the need and ability to pay standard) and thus the Former Wife's ability or inability to pay the amount of fees is not to be considered by the Court as a factor in making the award." Paragraph G of the Florida Money Judgment explains that the Florida Money Judgment was based, instead, on Florida Statutes § 61.13(4)(c)(2), which is the statutory provision that applies when a parent refuses to honor the time-sharing schedule in the parenting plan without proper cause.

Aside from being a debt owed directly from the Debtor to her ex-spouse, the Florida Money Judgment bears none of the other indicia of a support obligation. It is not labeled as alimony, support, or maintenance. It is not contingent upon future events including death, remarriage, or eligibility for Social Security. It is not based upon the length of the marriage, or the age, health, or work skills of the Parties. And, as Johanna points out, Sean's SJ Motion does not argue that the amount awarded in the Florida Money Judgment is necessary for his support.

During oral argument on the SJ Motion, Sean's counsel argued that restricting the term "support" to monetary obligations runs afoul of the Florida statute under which the Florida Money Judgment was entered—especially because the word "support" is the first word in the title of Florida Statutes § 61.13—which is the statute that the Florida State Court recited in the Florida Money Judgment. Sean further argues that legal fees incurred to obtain rulings in Florida on the time-sharing arrangement pertain to the child's welfare and, consequently, those legal fees constitute "support". The Court disagrees.

The use of the word "support" in the title of Florida Statutes § 61.13 does not render the Florida Money Judgment a support obligation. "Support" and "time-sharing schedule" are two separately defined terms within Florida Statutes § 61.13. *See* Florida Statutes § 61.046(22) and Florida Statutes § 61.046(23). Additionally, paragraph G of the Florida Money Judgment confirms that the State Court awarded $237,687.21 to Sean under Florida Statutes § 61.13(4)(c)(2), which does not reference support but, instead, addresses a party's failure to abide by the set time-sharing schedule. Thus, the Florida Money Judgment constitutes a statutorily authorized penalty (under Florida Statutes § 61.13(4)(c)(2)) against Johanna for her refusal to honor the time-sharing schedule in the parenting plan. It does not create a support obligation.

Moreover, the amount of the Florida Money Judgment was not in connection with the welfare of Sean and Johanna's child, as Sean would have this Court believe. Sean argues that "parental time" (and legal fees spent to enforce time-sharing arrangements) constitutes a form of support that this Court should recognize for purposes of 11 U.S.C. § 523(a)(5) and cites *Cavagnetto v. Stoltz,* 2013 US Dist. LEXIS 157975; 2013 WL 596124 (N.D. Ill. November 4, 2013) in support of this argument. However, *Cavagnetto* is distinguishable from the instant case, because the $7,375.43 in legal fees in *Cavagnetto* related to the debtor's falsification of childcare receipts that the debtor's ex-spouse was required to reimburse. Childcare receipts are triggered by amounts spent to care for a child, which is clearly in the nature of a domestic support obligation. In the instant case, however, the Florida Money Judgment constitutes a penalty imposed against Johanna and awarded to Sean—as authorized by Florida Statutes § 61.13(4)(c)(2)—for Johanna's breach of a time-sharing agreement, and it is not triggered by expenses relating to the care of their child or other support obligation.

The Court finds that the Florida Money Judgment does not create a domestic support obligation. Consequently, 11 U.S.C. § 523(a)(5) does not apply to render the award in the Florida Money Judgment nondischargeable.

## Nondischargeability under 11 U.S.C. § 523(a)(15)

Count I of the Complaint also seeks a determination that the Florida Money Judgment is nondischargeable under 11 U.S.C. § 523(a)(15), which provides that debt is nondischargeable if it is:

> **(15)** to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

Sean argues that the Florida Money Judgment is nondischargeable under § 523(a)(15) because it constitutes an obligation to a former spouse that was incurred by the Debtor, Johanna, in connection with a separation agreement, divorce decree or other order of a court of record.

Johanna argues that the Florida Money Judgment is not within the scope of § 523(a)(15) because the Parties were divorced years before the Florida Money Judgment was entered, and the Florida Money Judgment is not a matrimonial debt. Johanna's argument is not persuasive.

The very wording of § 523(a)(15) renders nondischargeable a debt "that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree *or other order of a court of record*."

(Emphasis added.) Although the Florida Money Judgment was entered years after the marriage was dissolved, it was still entered in the Florida Divorce Case itself, as evidenced by the case caption. And it was in connection with the divorce decree or other order of a court of record. Thus, pursuant to the wording of § 523(a)(15), the Florida Money Judgment is nondischargeable.

Judge Tucker dealt with a similar issue in *Rosenfeld v. Rosenfeld (In re Rosenfeld)*, 535 B.R. 186 (Bankr. E.D. Mich. 2015), *aff'd*, 558 B.R. 825 (E.D. Mich. 2016), *aff'd*, 698 Fed. Appx. 300 (6th Cir. 2017). In *Rosenfeld*, a party raised the same argument as Johanna raises here—that an award of attorney fees and costs to remedy a violation of a party's obligations that arose well after a divorce judgment had been entered was outside the scope of § 523(a)(15). *Id.* at 192. Judge Tucker held:

> [i]t is immaterial, for purposes of § 523(a)(15), whether a divorce-related debt arises after a judgment of divorce has been entered. And it makes no difference, for purposes of § 523(a)(15), whether the claim arises out of an obligation in the divorce judgment itself or out of an order entered after entry of the divorce judgment that creates new or modified obligations between the divorcing parties. Both types of debts are made *in connection with* the divorce decree or other order of a court of record.

*Id.* This Court agrees with Judge Tucker's analysis in *Rosenfeld* and finds that the Florida Money Judgment is within the scope of § 523(a)(15).

Johanna cites to *Crane v. Candela (In re Candela),* 2011 WL 6010245 (Bankr. D.N.J. November 30, 2011) for the proposition that not all matrimonial

13

22-04324-lsg    Doc 33    Filed 07/25/23    Entered 07/25/23 16:45:16    Page 13 of 17

debts fall within the purview of § 523(a)(15). In *Candela*, the creditor ex-spouse had been awarded attorney fees under a New Jersey domestic violence statute in a separate case that was filed after the parties divorced. In the domestic violence case, the New Jersey Superior Court entered a Final Restraining Order pursuant to New Jersey's Prevention of Domestic Violence Act ("Restraining Order"). The Restraining Order: (1) held that the defendant's conduct violated New Jersey statutory law and (2) awarded attorneys' fees to the plaintiff in the amount of $25,000, made payable directly to plaintiff's counsel. *Id.* at *1. The defendant later filed bankruptcy and the non-debtor ex-wife filed an adversary proceeding seeking to determine that the Restraining Order created non-dischargeable debt in her favor pursuant to §§ 523(a)(5) and (15). The bankruptcy court first determined that the debt was "clearly outside the boundaries of § 523(a)(5)" because it was "not 'derived from [the Debtor's] duty to provide for the well-being of [a] . . . former spouse,' but rather, was imposed to acknowledge the harm to the Plaintiff and the wrongful acts of the Debtor." *Id.* at *3. The bankruptcy court in *Candela* then held that the debt was incurred in a non-matrimonial action commenced more than one year after the entry of the divorce decree and did not fall within § 523(a)(15) either.

The instant case is distinguishable from *Candela*. In *Candela,* the Restraining Order that established the $25,000 award was issued in a domestic

violence case that was *separate* from the divorce case in which the marital and parenting issues were addressed.

In the instant case, however, the Florida Money Judgment was entered in the Florida Divorce Case (rather than a separate proceeding), and it creates a debt in favor of Sean (and against Johanna) pursuant to Florida Statutes § 61.13(4)(c)(2)—a statute that is clearly concerned with parties' compliance with time-sharing schedules set out in their divorce cases. Unlike *Candela,* the Florida Money Judgment in the instant case was an order of the divorce court. And, like *Rosenfeld,* the Florida Money Judgment was entered in connection with the divorce decree or other order of a court of record. Therefore, the Florida Money Judgment creates debt that is nondischargeable under 11 U.S.C. § 523(a)(15), and Sean is entitled to summary judgment on his § 523(a)(15) nondischargeability claim.

**Request for a Final Judgment Under Fed. R. Civ. P. 54(b)**

Sean requests that any grant of summary judgment on Count I of the Complaint be designated as a final judgment pursuant to Fed. R. Civ. P. 54(b) made applicable in adversary proceedings by Fed. R. Bankr. P. 7054(a). The Court finds that the claims in Count I of the Complaint are entirely separate from those in Count II of the Complaint and, consequently, any appeal regarding the claims in Count I will not disturb or prejudice the claims in Count II of the Complaint.

Pursuant to the Parties' Rule 26(f) report (ECF No. 9) and the Adversary Proceeding Scheduling Order (ECF No. 15), Count II of the Complaint is currently being held in abeyance. The Court determines that there is no just reason for delay and that the partial summary judgment on Count I of the Complaint should be a final judgment.

## Conclusion

Summary judgment on Court I of the Complaint is granted in part insofar as the award in the Florida Money Judgment is nondischargeable debt under § 523(a)(15) and denied in part because the award in the Florida Money Judgment does not constitute a domestic support obligation that is nondischargeable under § 523(a)(5). The Court will enter a separate order consistent with this opinion and, pursuant to Fed. R. Civ. P. 54, it will contain a determination that there is no just reason for delay.

**Signed on July 25, 2023**



/s/ Lisa S. Gretchko

**Lisa S. Gretchko
United States Bankruptcy Judge**